UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICKY GRAY,                       No. C 09-2624 SI (pr)

    Plaintiff,                **ORDER OF DISMISSAL**

  v.

B. COGDELL; et al.,

    Defendants.

                       /

## INTRODUCTION

Ricky Gray, an inmate at Corcoran State Prison, filed a pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

Gray's 36-page complaint names 42 defendants and has 36 separate "counts" concerning events that have occurred in the last twenty years of his incarceration. During that time, he has been at Pelican Bay State Prison, C.C.I. - Tehachapi, Corcoran State Prison, C.S.P. - Lancaster, and a prison in Imperial, California.

In "Count 1" of his complaint, Gray alleges that, on April 17, 2002, B. Cogdell put false information into his file that he was a member of the Black Guerilla Family ("BGF"), a prison gang. This apparently happened at Pelican Bay State Prison, as that is the address listed in the complaint for Cogdell.

In "Count 2" of his complaint, Gray alleges that, on September 8, 2004, defendant Gardner put false information in his file about gang activity. This apparently happened at Pelican Bay, as that is the address listed in the complaint for Gardner. That information was used on February 9, 2006 to impose an indeterminate SHU term on Gray.

In Counts 3 - 37, Gray complains about a variety of events that occurred at different prisons at which he has been housed over the last twenty years. The events include filing of false charges, an allegedly improper gang validation, allegedly improper periodic reviews of his gang validation, deficiencies in the inactivity review, problems with his inmate appeals, non-responses to his letters of complaint and the confiscation of his tennis shoes. The acts or omissions giving rise to counts 3-4, and 7-9 occurred at the prison in Tehachapi. The acts or omissions giving rise to counts 5-6 occurred at the prison in Imperial. The acts giving rise to counts 10-15 occurred at the prison in Lancaster. The acts or omissions giving rise to counts 16-36 occurred at the prisons in Corcoran and Lancaster or at the CDCR headquarters in Sacramento.

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

2

In counts 1 and 2, Gray alleges false information was put in his file at Pelican Bay. A prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986). As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983. Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984). Counts 1 and 2 of the complaint fail to state a claim upon which relief may be granted because Gray had no constitutional right to not be falsely accused of engaging in gang-related activity.

The several other claims asserted in the complaint about the many problems Gray has experienced in the last eight years at prisons in the Eastern and Central Districts will be dismissed because they are not properly joined under Federal Rule of Civil Procedure 20(a) concerning joinder of claims and defendants. Federal Rule of Civil Procedure 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The acts or omissions giving rise to counts 3-36 happened at prisons other than Pelican Bay, and were not part of the same transaction, occurrence or series of transactions or occurrences. Also, counts 3-36 are against an entirely different set of defendants. These claims are dismissed because they do not (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants. The dismissal of the improperly joined claims and parties means only that they cannot be pursued in this action – Gray is free to file new actions in which he asserts those claims against those parties. However, because all the acts and omissions occurred in prisons located in the Eastern and Central Districts of California, he must file his actions in those districts rather than the Northern District of California.

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed without leave to amend. This action is dismissed is without prejudice to Gray filing actions in the Eastern or Central Districts of California concerning constitutional violations that occurred in prisons in those districts. The clerk shall close the file.

IT IS SO ORDERED.

Dated: October 21, 2009

_____
SUSAN ILLSTON
United States District Judge